REQUESTED BY: Daniel E. Bryan, Fillmore County Attorney, Geneva, Nebraska
Is all motor vehicle operator's license information contained in the office of the County Treasurer, including an individual's social security number, public record information available upon request to the general public?
No, disclosure to the general public of social security numbers provided to the Department of Motor Vehicles, solely for administrative purposes, would be contrary to Section 7 of the Privacy Act of 1974 and 42 U.S.C. § 405(c)(2)(C).
The Nebraska statutes pertaining to the disclosure of public records are contained in Neb.Rev.Stat. §§ 84-712 to84-712.09 (Reissue 1981 and Supp. 1984). Section 84-712 provides:
 Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, as defined in section 84-712.01, are hereby fully empowered and authorized to examine the same, and to make memoranda and abstracts therefrom, all free of charge, during the hours the respective offices may be kept open for the ordinary transaction of business.
The phrase `public records' is defined broadly in 84-712.01, which provides, in pertinent part:
 (1) Except where any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing.
Section 84-712.04(1) provides a person denied the right to receive any public record information must receive from the public body refusing access to the information a written from which includes the following information:
 (a) A description of the contents of the records withheld and a statement of the specific reasons for the denial, correlating specific portions of the records to specific reasons for the denial, including citations to the particular statute and subsection thereof expressly providing the exception under section 84-712.01 relied on as authority for the denial; . . .
The information contained in the County Treasurer's Office pertaining to motor vehicle operators' licenses would fall within the broad definition of `public records' under84-712.01. The question which arises, however, is whether any specific statutory authority exists, as required by84-712.04, to deny public access to social security numbers included within the records relating to an individual's motor vehicle operator's license.
The utilization of a person's social security number is regulated, to some extent, by federal statutes. Section 7 of the Privacy Act of 1974 broadly prohibits federal, state, or local government agencies from penalizing individuals for failure to reveal their social security numbers, except in certain narrowly defined circumstances. Section 7 provides, in pertinent part:
 (a) (1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security number.
 (2) The provisions of paragraph (1) of this subsection shall not apply with respect to
 (A) any disclosure which is required by Federal statute, or
 (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identify of an individual.
 (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.
5 U.S.C. § 552a Note.
The legislative history surrounding the enactment of Section 7 indicates Congress sought to limit the growing use of social security numbers by both federal and local government agencies. The congressional purpose underlying Section 7 was to eliminate the threat to individual privacy and confidentiality posed by the compelled disclosure of one's social security number. See, S.Rep. No. 1183, 93rd Cong., 2d Sess. reprinted in 1974 U.S. Code Cong. and Ad. News 6916, 6944.
In 1976, Congress amended the Social Security Act to provide an exception to the statutory protection accorded by Section 7 concerning the disclosure of social security number information. That amendment, codified at 42 U.S.C. § 405(c)(2)(C), provides, in pertinent part:
 (i) It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Secretary.
. . . .
 (iii) For purposes of clause (i) of this subparagraph, an agency of a State (or political subdivision thereof) charged with the administration of any general public assistance, driver's license, or motor vehicle registration law which did not use the social security account number for identification under a law or regulation adopted before January 1, 1975, may require an individual to disclose his or her social security number to such agency solely for the purpose of administering the laws referred to in clause (i) above. . . .
The statutory basis for the Department of Motor Vehicles to require the inclusion of an individuals' social security number on their motor vehicle operator's license is provided by Neb.Rev.Stat. § 68-633 (Reissue 1981). While42 U.S.C. § 405(c)(2)(C) allows a state agency to require an individual to disclose their social security number in this manner, the plain language of this provision limits the use of such information `solely for the purpose of administering the laws' relating to the Department's duties concerning the operation of motor vehicles and the issuance of licenses.
We believe the disclosure by an individual of their social security number to the Department, for administrative purposes only, does not remove the basic protection against disclosure provided by Section 7 of the Privacy Act of 1974 respecting the right to privacy and confidentiality of a person's social security number. When an individual provides their social security number to the Department for administrative purposes, we conclude such disclosure does not render the information a matter of `public record' available upon request to the general public.
It is therefore our opinion that disclosure to the general public of social security numbers provided to the Department of Motor Vehicles, solely for administrative purposes, would be contrary to Section 7 of the Privacy Act of 1974 and 42 U.S.C. § 405(c)(2)(C).
Very truly yours,
PAUL L. DOUGLAS Attorney General
L. Jay Bartel Assistant Attorney General
APPROVED:
Patrick T. O'Brien Deputy
Attorney General